UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWARD ELWOOD MASTERSON,

        Petitioner,

v.

                                      Case No. 3:20-cv-1390-HES-MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

### I. Status

Petitioner, Edward Elwood Masterson, is proceeding on a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). He raises twenty grounds for relief, challenging a 2011 state court (Duval County, Florida) judgment of conviction for which he is serving a thirty-year term of incarceration. *See generally* Doc. 1. Respondents filed an initial response (Doc. 8) with exhibits (Docs. 8-1 to 8-26),[1] addressing only five grounds. At the Court's direction, they filed a supplemental response addressing the remaining grounds (Doc. 32), with exhibits (Docs. 32-1 to 32-6).

---

[1] When citing pleadings and exhibits, the Court will use the page numbers assigned by this Court's electronic docketing system.

Petitioner has replied to the initial and supplemental responses (Docs. 16, 40) with exhibits (Docs. 38-1, 40-1). This action is ripe for review.[2]

## II. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal habeas corpus petition. *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016) (explaining AEDPA deference), *abrogation in part on other grounds recognized by Smith v. Comm'r, Ala. Dep't of Corr.*, 67 F.4th 1335, 1348 (11th Cir. 2023). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Id.* (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)).

---

[2] In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro*, 550 U.S. at 474. The Court finds that "further factual development" is unnecessary. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the petitioner's claims on the merits. *Marshall v. Sec'y Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale for the state court's decision to qualify as an adjudication on the merits. *Harrington v. Richter*, 562 U.S. 86, 100 (2011). When the state court's adjudication on the merits is unaccompanied by an explanation,

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

*Wilson v. Sellers*, 584 U.S. 122, 125-26 (2018).

When a state court has adjudicated a petitioner's claims on the merits, a federal court cannot grant habeas relief unless the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),

(2). A state court's factual findings are "presumed to be correct" unless rebutted "by clear and convincing evidence." *Id.* § 2254(e)(1).

> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 18 (2003); *Lockyer*, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Williams v. Taylor*, 529 U.S. 362, 410 (2000) ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law.").

*Bishop v. Warden, GDCP*, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (parallel citations omitted).

"AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" *Tharpe v. Warden*, 834 F.3d 1323, 1337-38 (11th Cir.

2016) (explaining in detail the parameters "for limited federal review" of state court decisions under § 2254(d)(1) and (d)(2)). This standard is "meant to be" a "difficult" one to meet. *Richter*, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made").

## B. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (per curiam) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish ineffective assistance, a person must show that (1) counsel's performance was outside the wide range of reasonable, professional assistance, and (2) counsel's deficient performance prejudiced the challenger in that there is a reasonable probability that the outcome of the

proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 687.

There is no "iron-clad rule requiring a court to tackle one prong of the *Strickland* test before the other." *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010). Since both prongs of the two-part *Strickland* test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." *Id.* (citing *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in *Strickland*, "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which . . . will often be so, that course should be followed." 466 U.S. at 697.

Further, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks omitted). In other words, "[i]n addition to the deference to counsel's performance mandated by *Strickland*, the AEDPA adds another layer of deference — this one to a state court's decision — when [federal courts] are considering whether to grant federal habeas relief from a state court's decision." *Rutherford v. Crosby*, 385 F.3d 1300, 1309 (11th Cir. 2004).

6

If there is "any reasonable argument that counsel satisfied *Strickland*'s deferential standard," then a federal court may not disturb a state-court decision denying the claim. *Richter*, 562 U.S. at 105. As such, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "Reviewing courts apply a 'strong presumption' that counsel's representation was 'within the wide range of reasonable professional assistance.'" *Daniel v. Comm'r, Ala. Dep't of Corr.*, 822 F.3d 1248, 1262 (11th Cir. 2016) (quoting *Strickland*, 466 U.S. at 689).

### III. Relevant Factual and Procedural History

On March 16, 2011, Petitioner proceeded to a jury trial on three charges: (1) resisting an officer with violence; (2) battery on a law enforcement officer; and (3) fleeing or attempting to elude a law enforcement officer. Doc. 8-1 at 2; Doc. 8-2 at 1-2; Doc. 8-4 at 1, 14. According to the police report, on August 9, 2010, at about 4:00 a.m., Officer A.J. Kinard attempted to initiate a traffic stop, and Petitioner refused to stop his vehicle, crashed into a tree, exited the vehicle through the passenger side, disobeyed orders, overcame the effects of Officer Kinard's taser, and physically assaulted Officer Kinard. Doc. 8-1 at 2. A civilian-witness, William James, stopped and assisted Officer Kinard. *Id.*

Before the jury panel was sworn, the trial court addressed the state's standard motions in limine—a *Haliburton*[3] motion and an *Overton*[4] motion. Doc. 8-4 at 4. *See also* Doc. 8-16 at 90-93. Petitioner's trial counsel did not object to the state's motions, and the trial court granted both. Doc. 8-4 at 4. However, trial counsel objected to the introduction of a CAD (computer-aided dispatch) recording, which captured Officer Kinard's dispatch communications during the vehicle pursuit. *Id.* at 7. Trial counsel said such evidence was cumulative and amounted to improper bolstering of a state witness. *Id.* At the trial court's request, the state played part of the recording in open court, outside the presence of the jury. *Id.* at 9, 10. Thereafter, the trial court overruled trial counsel's objection, *id.* at 10, but the state ultimately did not introduce the recording into evidence at trial.

During its case-in-chief, the state called three witnesses: Officer Kinard; the passenger-witness who was in Petitioner's vehicle at the time of the incident (Melissa Anderson); and the civilian-witness who assisted Officer Kinard, Mr. Jones. Doc. 8-4 at 4. Officer Kinard testified that he activated both his lights and sirens at some point during the short (.1 mile) car chase. *Id.* at

---

[3] *Haliburton v. State*, 561 So. 2d 248, 250 (Fla. 1990) ("[W]hen [a witness is] equally available to both parties, no inference should be drawn or comments made on the failure of either party to call the witness.").

[4] *Overton v. State*, 429 So. 2d 722, 723 (Fla. 1st DCA 1983) (holding a defendant's exculpatory out-of-court statement is inadmissible as "self-serving").

46, 47, 67. Ms. Anderson testified that she did not know Petitioner, but he picked her up on the side of the road because she appeared to be "having a hard time walking." *Id.* at 93. She admitted to having had at least ten alcoholic drinks (White Russians) and taking both Methadone and Xanax but said that, before Petitioner picked her up, she "had gotten sober as [she] was walking and sweating." *Id.* at 92, 98, 99. In line with Officer Kinard's testimony, Ms. Anderson testified that the officer "us[ed] his lights and sirens." *Id.* at 94, 95. Mr. Jones was not asked whether he heard sirens. *See id.* at 101-20. He testified that he observed Petitioner driving on the highway before he (Jones) stopped to assist Officer Kinard. *Id.* at 103-04. He said he saw "a large gray vehicle coming across [his] lane of travel and . . . directly in front of [him]," which necessitated him having to "take evasive maneuvers and stop [his] vehicle." *Id.*

Petitioner called no witnesses and opted not to testify on his own behalf. *Id.* at 123. The trial court asked him if there were any witnesses he wanted his attorneys to call, and he said "no." *Id.* The trial court also confirmed with Petitioner that he did not want to testify. *Id.*

As to count one (resisting with violence), the jury found Petitioner guilty of resisting an officer without violence, a lesser included offense; as to count two (battery), the jury acquitted Petitioner; as to count three (fleeing or

9

attempting to elude), the jury found Petitioner guilty as charged, finding
Officer Kinard had both his sirens and lights activated, and Petitioner was
driving at a high speed "or in a manner demonstrating a wanton disregard for
the safety of persons or property." *See generally* Doc. 8-5. The trial court
sentenced Petitioner to a one-year term of imprisonment on count one and a
concurrent thirty-year term of imprisonment on count three, as a Habitual
Felony Offender (HFO). Doc. 8-6 at 1, 4-5; Doc. 8-21 at 245.

On direct appeal, Petitioner's appointed appellate counsel filed an
*Anders*[5] (no-merits) brief and requested that Petitioner be permitted to file a
brief on his own behalf. Doc. 8-7 at 1, 11, 13; Doc. 8-8 at 1. Petitioner did so,
filing a *pro se* brief raising ten claims. Doc. 8-9 at 1. The First DCA directed
appellate counsel to brief four of Petitioner's *pro se* claims, all relating to count
three. Doc. 8-10 at 1. The First DCA per curiam affirmed Petitioner's judgment
and sentences but remanded for correction of the written judgment. Doc. 8-13
at 1-3. The First DCA explained that the state charged Petitioner with a
violation of Florida Statutes section 316.1935(3)(a), which prohibits "fleeing or
attempting to elude a law enforcement officer," but the Information incorrectly
titled the offense as "'aggravated' fleeing or attempting to elude." *Id.* The First
DCA found that, despite the "technical error in the judgment," it was "clear

---

[5] *Anders v. California*, 386 U.S. 738 (1967).

that [Petitioner] was charged with, and found guilty of, the non-aggravated offense proscribed by section 316.1935(3)(a)." *Id.* Petitioner filed a motion for rehearing, *id.* at 4, which the First DCA denied, *id.* at 12.

Proceeding *pro se* in the trial court, Petitioner sought postconviction relief under Florida Rule of Criminal Procedure 3.850 through an amended motion in which he raised twenty grounds ("Rule 3.850 Motion"). Doc. 8-16 at 1-6. The trial court held an evidentiary hearing on five of twenty grounds, Doc. 8-19 at 4, and thereafter denied Petitioner's Rule 3.850 Motion, Doc. 8-20 at 1. Petitioner filed a motion for rehearing, Doc. 8-22 at 1, which the trial court denied, *id.* at 49. Petitioner appealed, Doc. 8-23 at 1, and the First DCA per curiam affirmed the denial without a written opinion, Doc. 8-26 at 1. Petitioner moved for rehearing, *id.* at 3, which the First DCA denied, *id.* at 26. The mandate issued on October 27, 2020. *Id.* at 28. Petitioner attempted to seek relief in the Florida Supreme Court, but his case was dismissed for lack of jurisdiction. *Id.* at 29.

## IV. The Petition

Petitioner raises twenty grounds for relief, all premised on allegations of the ineffective assistance of trial counsel. Doc. 1 at 8-11. His claims are relatively vague and factually undeveloped. He describes the basis of his claims in a bit more detail in his Rule 3.850 Motion, Doc. 8-16 at 1-55, which the Court

11

will reference as relevant. The primary theme of Petitioner's claims is that Officer Kinard never activated his sirens during the short car chase and that the state's witnesses either lied or gave prior inconsistent statements. Doc. 1 at 8-11; *see also generally* Doc. 40. Petitioner does not dispute that Officer Kinard activated his blue lights or that he (Petitioner) did not pull over, but he strenuously maintains Officer Kinard's sirens were never activated. Doc. 1 at 8-11. Overall, Petitioner argues in his twenty grounds for relief that his trial counsel should have done more or been more effective in his representation, particularly as related to the fleeing or attempting to elude charge in count three. *Id.* According to Petitioner, had his counsel more effectively cross-examined the state's witnesses and called witnesses on Petitioner's behalf, he would have been found not guilty of count three and at most would have been found guilty of a lesser included offense. *Id.*

The Court will address each claim individually, but at the outset notes the *Strickland* standard "does not guarantee perfect representation." *Harrington*, 562 U.S. at 791. An attorney is not expected to "be a flawless strategist or tactician . . . [and] may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Id. See also Bates v. Sec'y, Fla. Dep't of Corr.*, 768 F.3d 1278, 1295 (11th Cir. 2014) ("[The *Strickland*] test 'has nothing to do with what

12

the best lawyers would have done. Nor is the test even what most good lawyers

would have done. We ask only whether some reasonable lawyer at the trial

could have acted, in the circumstances, as defense counsel acted at trial.'"

(quoting *Waters v. Thomas*, 46 F.3d 4506, 4512 (11th Cir. 1995))).

Additionally, it bears emphasizing that, under the doubly deferential

AEDPA standard, a federal court presented with an ineffective assistance of

counsel claim must defer to a state court's determination that counsel

performed reasonably unless the state court's decision was unreasonable.

*Knowles*, 556 U.S. at 123. In affording both Petitioner's trial counsel and the

state court "the benefit of the doubt," the Court concludes the state court's

rulings on Petitioner's claims were neither contrary to, nor involved an

unreasonable application of clearly established federal law, nor were they

based on an unreasonable determination of the facts. *See Titlow*, 571 U.S. at

15.

### a. Ground One

Petitioner argues his trial counsel was ineffective for failing to ensure

the state proved all elements of the fleeing or attempting to elude charge in

count three. Doc. 1 at 8. Petitioner explains that Officer Kinard never activated

his sirens, and his attorney was ineffective for failing to argue or demonstrate

as much by introducing the CAD recording. *Id.*[6] Petitioner raised this claim as ground one of his Rule 3.850 Motion. Doc. 8-16 at 6.

The state court held an evidentiary hearing on this claim, during which trial counsel testified that he could not recall whether sirens were audible on the CAD recording in Petitioner's case, but he had "listened to numerous dispatch reports via CAD cases before, including cases where the siren . . . would have been [activated] and you cannot hear that siren from this CAD dispatch report." Doc. 8-19 at 30-31. Trial counsel testified that his decision not to introduce the CAD recording during trial was a strategic one because he believed the recording would have been more prejudicial than helpful. *Id.* at 7-8. Trial counsel further explained that it was his regular practice to review with his clients before trial "all the evidence [he] plan[ned] on or anticipate[d] the [s]tate [would use] at said trial." *Id.* at 8.

After the evidentiary hearing, the trial court denied Petitioner's claim as follows:

> In Ground One, Defendant alleges counsel was ineffective for failing to argue that [Officer] Kinard never activated his sirens during the chase. Specifically, Defendant complains counsel was

---

[6] Petitioner previously moved to expand or supplement the record to include the CAD recording, which was not played at trial. Docs. 21, 34. The Court denied his request as moot because the First DCA permitted Petitioner to expand the record on appeal from the denial of the Rule 3.850 Motion to include the CAD recording. *See* Order (Doc. 39) at 4. According to Petitioner, and as Respondents concede, sirens cannot be heard on the CAD recording. *See id.* at 2.

14

deficient for failing to present a CAD recording from the pursuit that did not have sirens in the background. Defendant claims prejudice because there is a reasonable possibility the outcome of his trial would have been different had the jury heard the recording.

At the evidentiary hearing, counsel testified that he objected to the CAD recording because he thought it was duplicative and bolstered [Officer] Kinard's testimony. He has listened to many CAD recordings as an attorney, and sirens are never perceptible. This Court finds counsel's strategic decision not to publish the CAD to be reasonable. Accordingly, Defendant is not entitled to relief on Ground One.

Doc. 8-20 at 3. Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. Whether an attorney's actions derived from a strategic decision is an issue of fact, and the state court's decision on that issue is presumptively correct. *Provenzano v. Singletary*, 148 F.3d 1327, 1330 (11th Cir. 1998); *see also Chandler v. United States*, 218 F.3d 1305, 1314, n.14 (11th Cir. 2000) ("[A] court must not second-guess counsel's strategy."). Considering trial counsel's testimony at the evidentiary hearing, trial counsel's argument supporting the pretrial motion to exclude the CAD recording, and the CAD recording itself,[7] the Court finds the state court's

---

[7] The Court has listened to the CAD recording, and, as Respondents concede, sirens cannot be heard. There are some very faint, indecipherable (presumably outside) noises at times. But, contrary to Petitioner's contention, *see* Doc. 34 at 4, the

15

ruling that trial counsel's strategic decision to omit the CAD recording at trial was reasonable. As such, the state court's adjudication of this *Strickland* claim is neither contrary to nor an unreasonable application of clearly established federal law. And the state court's decision did not rely on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This claim is denied.

### b. Ground Two

Petitioner argues his trial counsel was ineffective for failing to impeach Ms. Anderson (the passenger-witness) with her prior inconsistent deposition testimony. Doc. 1 at 8. Petitioner contends Ms. Anderson "lied" both at her deposition and at trial "about material aspects of the case," including whether Officer Kinard activated his sirens. *Id.* Petitioner raised this claim as ground two of his Rule 3.850 Motion. Doc. 8-16 at 9.

The trial court heard evidence on this claim at the evidentiary hearing. Doc. 8-19 at 9. During the evidentiary hearing, trial counsel testified that, from what he recalled, Ms. Anderson was not "the most reliable" witness because

---

CAD recording does not "prove[] beyond any doubt" that Officer Kinard's sirens were not activated at any point during the chase, *see* Doc. 8-16 at 7, especially in light of trial counsel's testimony that sirens are not always heard on such recordings. Although trial counsel did not testify at the evidentiary hearing that "sirens are *never* perceptible" on CAD recordings, *see* Doc. 8-20 at 3 (emphasis added), the trial court's mischaracterization of the testimony does not alter the fact that the trial court found trial counsel's decision not to play the recording was a strategic one.

16

she had admitted to drinking ten cocktails and taking prescription medication before the incident, so his strategy was to impeach her on those grounds. *Id.* at 9-10. He could not recall whether he cross-examined Ms. Anderson about her intoxication, but he was "sure [he] would have," and he agreed it was his "trial strategy" to "discredit" Ms. Anderson based on her use of drugs and alcohol. *Id.* at 10. He also testified it was his practice to confer with his client before concluding any cross-examination to ensure the client had no other areas of inquiry. *Id.* at 8.

Although trial counsel could not recall the specifics of his cross-examination of Ms. Anderson when testifying at the evidentiary hearing, the trial transcript shows that trial counsel impeached Ms. Anderson's credibility based on her alcohol and drug use. *See* Doc. 8-4 at 98. The following colloquy took place:

> Q Now, you said that night . . . you had about ten White Russians to drink?
>
> A Yes.
>
> Q And you're also on Methadone?
>
> A Yes, I am.
>
> Q And you're on Xanax at the same time?
>
> A Um-hum.
>
> Q Is that a yes?
>
> A Yes.

*Id.* Trial counsel further shed doubt on Ms. Anderson's credibility because she
said she did not recall that Petitioner had climbed on the hood of the vehicle
(after climbing over her) and fought with Officer Kinard, even though she had
been sitting in the front passenger seat. *Id.* at 99-100. Before concluding his
cross-examination, trial counsel consulted with Petitioner in accordance with
his standard practice but asked no additional questions. *Id.* at 100.

      After hearing evidence on this claim, the trial court denied it as follows:

> In Ground Two, Defendant alleges counsel was ineffective
> for failing to impeach Melissa Anderson. Specifically, Defendant
> complains counsel was deficient because Anderson previously gave
> statements inconsistent with her trial testimony. Defendant
> claims prejudice because there is a reasonable possibility the
> outcome of the trial would have been different had counsel
> impeached Anderson.
>
> At the evidentiary hearing, counsel testified that he did not
> impeach Anderson regarding her prior inconsistent statements
> because her credibility was already poor. Without additional
> impeachment, the jury already knew that Anderson had consumed
> copious amounts of alcohol and been on medication when the chase
> and arrest occurred. Because she had testified that the sirens were
> both on and not on during her deposition, bringing it out during
> trial would not have been impactful. This Court finds counsel's
> strategic decision not to rely upon the deposition to be reasonable.
> Accordingly, Defendant is not entitled to relief on Ground Two.

Doc. 8-20 at 3-4. Petitioner appealed the trial court's denial, and the First DCA
per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. In doing so, and for context, the Court notes that Ms. Anderson's deposition testimony and her trial testimony do not conflict. At her deposition, Ms. Anderson testified that, when the officer first started following Petitioner, only the lights were activated, but when Petitioner "proceeded to flee" and "the chase started," the officer then activated his sirens. Doc. 8-17 at 35-36, 38.[8]

Considering trial counsel's testimony at the evidentiary hearing, and Ms. Anderson's deposition and trial testimonies, the Court finds no basis to challenge the state court's ruling that trial counsel's decision not to cross-examine Ms. Anderson about her deposition testimony was a reasonable strategic decision. As such, the state court's adjudication of this *Strickland* claim is neither contrary to nor an unreasonable application of clearly established federal law. And the state court's decision did not rely on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This claim is denied.

---

[8] Petitioner explained at the evidentiary hearing on his Rule 3.850 Motion that during her deposition, Ms. Anderson "testified three times" that the officer's sirens were not activated, and it was not "until the state kept stopping the deposition that she came back and changed her statements saying that the sirens were activated." Doc. 8-19 at 19-20. Petitioner's implication that the state coached Ms. Anderson during her deposition is pure speculation.

### c. Ground Three

Petitioner argues his trial counsel was ineffective for failing to impeach Officer Kinard with alleged prior inconsistent statements. Doc. 1 at 8. Petitioner raised this claim as ground three of his Rule 3.850 Motion, contending that, during his deposition, Officer Kinard gave statements inconsistent with his trial testimony on two relevant issues: whether Officer Kinard "activated *only* his blue lights"; and whether the vehicle Petitioner was driving was registered to a local dealership. Doc. 8-16 at 13.

The trial court heard evidence on this claim at the evidentiary hearing. Doc. 8-19 at 10. Petitioner's trial counsel testified that he recalled Petitioner thought Officer Kinard was not telling the truth about whether his sirens were activated, but trial counsel said he "always tell[s] all of [his] clients . . . [he cannot] object to testimony simply because [his] client believes it's not true." *Id.* at 11. With respect to the ownership of the vehicle, trial counsel explained that, when he first received the case, Petitioner also had been charged with grand theft auto.[9] *Id.* at 12. At Petitioner's request, trial counsel investigated

---

[9] Officer Kinard initially suspected Petitioner was driving a stolen vehicle because when he (Kinard) ran the plate, the result showed the vehicle was owned by a nearby car dealership. Doc. 8-1 at 2, 4; Doc. 8-4 at 62; Doc. 8-9 at 75, 78, 162-64. Thus, in addition to the other offenses, Petitioner was arrested on a charge of grand theft auto. Doc. 8-15 at 109. The arrest and booking report noted as follows: "After this incident, investigation revealed that the vehicle was taken from Men of God Auto Sales," where Petitioner worked "odd jobs." *Id.* The owner of the vehicle responded to the scene and said that Petitioner did not have his permission to drive the vehicle.

20

the ownership of the vehicle, and afterward, the state dropped that charge. *Id.* at 12-13. Counsel noted that the ownership of the vehicle was not relevant to the charges before the jury, and it was his trial strategy not to introduce evidence of other charged crimes that were not before the jury. *Id.* at 13.

After the evidentiary hearing, the trial court denied this claim as follows:

> In Ground Three, Defendant alleges counsel was ineffective for failing to impeach the false statements of Officer Kinard. Specifically, Defendant complains counsel was deficient because Kinard testified in a deposition that he had only activated his lights, but at trial he testified that he activated his lights and sirens. Defendant claims prejudice because there is a reasonable possibility the outcome of his trial would have been different had counsel impeached Kinard.

> At the evidentiary hearing, Defendant failed to establish an inconsistency between Officer Kinard's trial testimony and his prior deposition. Counsel could not recall a basis for objecting to Kinard's testimony or impeaching him regarding the sirens. While Defendant claims Kinard's deposition is inconsistent, this Court has found no material inconsistency between the two.

> ....

> Defendant further alleges counsel was ineffective for failing to impeach Officer Kinard regarding who the vehicle was

---

*Id.* However, the state ultimately did not charge Petitioner with theft because the owner of the dealership later said that while Petitioner did not have his express permission to drive the vehicle, Petitioner had not stolen it. Doc. 8-19 at 12-13. Petitioner claims in his Supplemental Reply that the vehicle was not registered to a car dealership, but rather to a woman named Pamela. Doc. 40 at 20. The ownership of the vehicle is immaterial to the claims raised in the Petition. Moreover, as noted in the arrest report, the owner of Men of God Auto Sales told the investigating officer that "the registered owner [was] the former owner of the vehicle and the victim business repossed [sic] the vehicle and owns the title." Doc. 8-15 at 109.

registered to. Who the vehicle was registered to was a collateral matter, *see Anderson v. State*, 133 So. 3d 646, 647 (Fla 1st DCA 2014), and had no bearing on the ultimate outcome of Defendant's case. *See Johnson v. State*, 699 So. 2d 257, 268 (Fla. 5th DCA 1997). Accordingly, Defendant is not entitled to relief on Ground Three.

Doc. 8-20 at 4-5. Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. In doing so, the Court notes that Officer Kinard did not testify at his deposition that he activated *only* his blue lights. *See* Doc. 8-17 at 48-52. Rather, Officer Kinard testified as follows: he first "activated [his] blue lights" based on Petitioner's driving pattern, which included making a wide right turn into oncoming traffic; Petitioner thereafter "accelerated rapidly, and ran through a stop sign" and again "traveled into the oncoming traffic lane"; and Petitioner then "pick[ed] up speed, trying to evade [Officer Kinard]," and at that point, "it was a pursuit." *Id.* Officer Kinard was asked if his lights *and* sirens were on *at that point*, and he responded, "Yes. They were activated." *Id.* at 52.

Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an

22

unreasonable determination of the facts given the evidence presented to the
state court. This claim is denied.

### d. Ground Four

Petitioner argues his trial counsel was ineffective for failing to object
when Mr. Jones offered perjured testimony at trial in violation of *Giglio*.[10] Doc.
1 at 9. Petitioner raised this claim as ground four of his Rule 3.850 Motion, in
which he complained that Mr. Jones lied at trial when he said he had to "take
evasive maneuvers and stop his vehicle" to avoid crashing into Petitioner. Doc.
8-16 at 15-16. Petitioner argued that Mr. Jones must have lied because at his
deposition, he testified he could not recall which direction Petitioner's vehicle
had come from. *Id.*

The trial court summarily denied the claim as follows:

> In Ground Four, Defendant alleges counsel was ineffective
> for failing to impeach William Jones. Specifically, Defendant
> complains counsel was deficient for failing to impeach Jones with
> inconsistent statements about the accident. Defendant claims
> prejudice because there is a reasonable possibility the outcome of
> his trial would have been different had counsel impeached Jones.
>
> Defendant alleges Jones committed perjury because of
> differences between his deposition and this [sic] trial testimony.
> However, "mere differences in testimony found in witness
> statements made at different times, or between witnesses on the

---

[10] *Giglio v. United States*, 405 U.S. 150 (1972). "*Giglio* error is a species of
*Brady* error that occurs when 'the undisclosed evidence demonstrates that the
prosecution's case included perjured testimony and that the prosecution knew, or
should have known, of the perjury.'" *Ventura v. Att'y Gen., Fla.*, 419 F.3d 1269, 1276-
77 (11th Cir. 2005) (quoting *United States v. Agurs*, 427 U.S. 97, 103 (1976)).

same subject, are not alone sufficient to show perjury." *Ferguson* [*v. State*], 101 So. 3d [895,] 896-97 [(Fla. 4th DCA 2012)]. At trial, Jones testified that he had to take evasive maneuvers on Philips Highway when a vehicle from the opposite lane came across the center divider, became airborne, and crashed into a tree. This testimony was not materially different from the testimony Defendant alleges counsel should have impeached Jones with, as both involved an out-of-control vehicle driving the wrong way across a major thoroughfare. Accordingly, Defendant has failed to demonstrate prejudice and is not entitled to relief on Ground Four.

Doc. 8-20 at 5-6 (record citation omitted). Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. In doing so, and for context, the Court notes that Mr. Jones testified at his deposition that he first noticed Petitioner's car when he (Jones) was driving northbound on Philips Highway. Doc. 8-9 at 124. Mr. Jones said he saw "a large gray vehicle [come] across all four lanes of traffic directly in front of [him]." *Id.* He explained it happened so quickly that "[he] had to slam on [his] brakes." *Id.* at 126. At trial, Mr. Jones testified similarly, saying "a large gray vehicle [came] across [his] lane of travel and came directly in front of [him] where [he] had to take evasive maneuvers and stop [his] vehicle." Doc. 8-4 at 103. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based

24

on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### e. Ground Five

Petitioner argues his trial counsel was ineffective for failing to object to the state's use of "tampered witness testimony." Doc. 1 at 9-10. He contends that the state's key witnesses, Officer Kinard and Mr. Jones, saw each other at a fast-food restaurant before trial and "rehearsed critical elements of the case." *Id.* Petitioner does not explain the substance of the witnesses' supposed conversation, or what facts the two may have compared that would have impacted either witness's trial testimony.[11] *See id.*

Petitioner raised this claim as ground five of his Rule 3.850 Motion. Doc. 8-16 at 18. The trial court summarily denied the claim as follows:

> In Ground Five, Defendant alleges counsel was ineffective for failing to object to Kinard's and Jones's testimony. Specifically, Defendant complains counsel was deficient because Kinard tampered with Jones's testimony by providing Jones with details of the crime when the two men ran into each other at a restaurant. Defendant claims prejudice because there is a reasonable possibility the jury would have rendered a different verdict had counsel presented evidence showing Kinard influenced Jones's testimony.

---

[11] During closing argument, Petitioner's trial counsel summarized for the jury how the testimony of these two witnesses was contradictory in many important respects, Doc. 8-4 at 155-58, undercutting any speculation that they colluded in some way merely because they happened to see each other in a public place after the accident.

Defendant's allegations fail because they are based solely
upon speculation. *E.g. Hampton v. State*, 219 So. 3d 760, 771 (Fla.
2017) ("Mere speculation is not sufficient to form the basis for
postconviction relief." (citing *Derrick v. State*, 983 So. 2d 443, 462
(Fla. 2008))). Defendant does not allege what Kinard told Jones or
how Kinard influenced Jones; he only alleges that Jones could not
have been testifying truthfully based upon photographs of the
scene. As this Court has already reiterated, "mere differences in
testimony found in witness statements made at different times, or
between witnesses on the same subject, are not alone sufficient to
show perjury." *Ferguson*, 101 So. 3d at 896-97. Because this Court
has already granted Defendant leave to amend on this issue, he is
not entitled to relief on Ground Five.

Doc. 8-20 at 6. Petitioner appealed the trial court's denial, and the First DCA

per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal

court review of state court adjudications. In doing so, and for context, the Court

will summarize the relevant evidence. At trial, both Officer Kinard and Mr.

Jones testified that they happened to run into each other at a Subway

restaurant about one week after the incident. Doc. 8-4 at 87, 118-19. Officer

Kinard was not asked about the details of the conversation they had. *See id.* at

87. Mr. Jones, on the other hand, disclosed that he had asked Officer Kinard

why he had been chasing Petitioner, so that Jones could report back to his

company the reason he became involved in a police matter during working

hours. *Id.* at 118. Mr. Jones also testified that Officer Kinard told him he had

tased Petitioner. *Id.* at 119. There was no indication the witnesses discussed

26

whether Officer Kinard had activated his sirens before Petitioner crashed into the tree. *See id.* at 87, 118-19.

Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### f. Ground Six

Petitioner argues his trial counsel was ineffective for failing to request a continuance because Petitioner had not been "properly informed of the charges against [him]," and for failing to object to the "erroneous [I]nformation filed by the [s]tate." Doc. 1 at 9-10. Petitioner raised this claim as ground six of his Rule 3.850 Motion.

The trial court summarily denied the claim as follows:

> In Ground Six, Defendant alleges counsel was ineffective for failing to move for a continuance. Specifically, Defendant complains counsel was deficient because he did not attack the information on the grounds that it charged Defendant with a crime not supported by a factual basis. Defendant claims prejudice because the State was allowed to try him for a crime not supported by the evidence.
>
> The charging documents sufficiently informed Defendant of the charges against him. Further, allegations challenging "the factual basis and sufficiency of the evidence . . . cannot be raised in a Rule 3.850 motion." *Betts v. State*, 792 So. 2d 589, 590 (Fla. 1st

DCA 2001) (citing *Jackson v. State*, 640 So. 2d 1173 (Fla. 2d DCA 1995)). Accordingly, Defendant is not entitled to relief on Ground Six.

Doc. 8-20 at 6-7. Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### g. Ground Seven

Petitioner argues his trial counsel was ineffective for failing to argue that Officer Kinard "had racially profiled [him]." Doc. 1 at 9. He contends the primary reason Officer Kinard stopped him was based on race, and trial counsel failed to argue "the other reasons given by [Officer Kinard] were not supported by the evidence." *Id.* at 10. Petitioner raised this claim as ground seven of his Rule 3.850 Motion. Doc. 8-16 at 22.

The trial court summarily denied the claim as follows:

> In Ground Seven, Defendant alleges counsel was ineffective for not arguing to the jury that Defendant's stop was illegal. Specifically, Defendant complains counsel was deficient because Officer Kinard impermissibly relied upon race when initiating the

28

stop. Defendant claims prejudice because there is a reasonable possibility he would have been acquitted had counsel made this argument.

>    "Racial incongruity, a person being allegedly 'out of place' in a particular area, cannot constitute a finding of reasonable suspicion of criminal behavior." *Phillis v. State*, 781 So. 2d 477, 479-80 (Fla. 3d DCA 2001) (citations omitted). However, Kinard did not initiate the stop because of Defendant's race; he initiated the stop because of Defendant's driving. And, even if Kinard did not have a legal basis for initiating the stop, Defendant's flight gave Kinard a legal basis for pursuit. *Henderson v. State*, 88 So. 3d 1060, 1062-63 (Fla. 1st DCA 2012) ("We affirm the order, however, because appellant's act of fleeing or attempting to elude Deputy Floyd and the other officers obviates the necessity of determining whether there was reasonable suspicion or probable cause for the initial attempt to stop."). Accordingly, Defendant is not entitled to relief on Ground Seven.

Doc. 8-20 at 7-8 (record citation omitted). Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. In doing so, and for context, the Court will summarize the relevant evidence. During trial, on direct examination, Officer Kinard testified that, when he pulled up behind Petitioner's vehicle, he ran the license plate, and the vehicle "came back registered to a local car lot within the proximity of where [they] were [driving]," and then Petitioner made an "abrupt U-turn." Doc. 8-4 at 40-41. Officer Kinard followed Petitioner, and

he observed Petitioner drive in the middle of the road and accelerate rapidly. *Id.* at 41. Officer Kinard testified that he believed, based on Petitioner's driving pattern—which included taking turns at speed, running stop signs without hesitating, and "hopp[ing]" a concrete median or curb—that Petitioner was "possibly impaired on drugs, alcohol, or restless, tired." *Id.* at 41, 46-49.

On cross-examination, the following exchange occurred:

> Q And, Officer, isn't it true that in addition to, I guess, the time in the morning and the driving pattern, what also drew your suspicion towards this car, towards Mr. Masterson, was that in your words it was a white male in the ghetto.
>
> A Yes. In that side of town, yes, it was.
>
> Q Those are your words, correct?
>
> A Correct.
>
> Q So you're automatically suspicious right off the bat?
>
> A And that the vehicle came back registered to the car dealership in the area.
>
> . . . .
>
> Q In part you're basing your suspicions on race and what side of town the person is in, is that correct?
>
> A Not necessarily, no, sir.
>
> Q But you just said part of your suspicions was race and it's a white male in the ghetto, is that correct?
>
> A That is true, yes.

*Id.* at 62-63.

30

This testimony supports the state court's finding that Officer Kinard's actions were not solely based on Petitioner's race. Although trial counsel attempted to highlight that Petitioner's race was what motivated Officer Kinard to initiate the traffic stop, a review of Officer Kinard's whole testimony shows Petitioner's reckless driving and refusal to pull over were the primary motivating factors. *See id.* As such, upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### h. Ground Eight

Petitioner argues his trial counsel was ineffective for failing to object to or highlight for the jury "repeated *Giglio* violations." Doc. 1 at 10. Similar to his argument in Ground Five, Petitioner claims state witnesses Officer Kinard and Mr. Jones "colluded to distort . . . material facts." *Id.* Petitioner raised this claim as ground eight of his Rule 3.850 Motion. Doc. 8-16 at 24. The trial court summarily denied the claim, stating only that it was "without merit," Doc. 8-20 at 8, citing *Ferguson v. State*, which held, "[M]ere differences in testimony found in witness statements made at different times, or between witnesses on the same subject, are not alone sufficient to show perjury," 101 So. 3d at 897.

31

Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. Also, to the extent Ground Eight is repetitive of the claim raised in Ground Five, the Court denies this claim for the reasons previously stated. *See supra* pp. 26-27. This claim is denied.

### i. Ground Nine

Petitioner argues his trial counsel was ineffective for failing to object during his sentencing hearing when the trial court considered evidence of a prior crime that did not result in a conviction. Doc. 1 at 10. Petitioner raised this claim as ground nine of his Rule 3.850 Motion, in which Petitioner explained that, contrary to the trial judge's comments at his sentencing hearing, the charges brought against him in 2002 resulted in only a grand theft auto conviction, not a fleeing and eluding conviction. Doc. 8-16 at 29.

The trial court summarily denied Petitioner's claim as follows:

> In Ground Nine, Defendant alleges counsel was ineffective for failing to object during sentencing. Specifically, Defendant

32

complains counsel was deficient because this Court erroneously relied upon acquitted or uncharged conduct when sentencing Defendant. Defendant claims prejudice because there is a reasonable possibility he would have received a less severe sentence had counsel objected.

> "When portions of the record show the trial court relied upon prior acquittals in determining a defendant's sentence, the State has the burden to demonstrate those considerations 'played no part in the sentence imposed.'" *Williams v. State*, 8 So. 3d 1266, 1267 (Fla. 1st DCA 2009). However, a court may consider the nature of a defendant's prior criminal history when determining whether or not to sentence him as a habitual felony offender. *See Perkins v. State*, 583 So. 2d 1103, 1104 (Fla. 1st DCA 1991). At the sentencing hearing, this Court only considered Defendant's prior convictions when sentencing him. Accordingly, Defendant is not entitled to relief on Ground Nine. *See generally Ross v. State*, 88 So. 3d 297, 299 (Fla. 1st DCA 2012).

Doc. 8-20 at 8 (record citation omitted).[12] Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. In doing so, the Court notes that, early in the case, the state filed a notice of its intent to seek an enhanced penalty based on Petitioner's status as a HFO. Doc. 8-3 at 1. The notice mentioned Petitioner's 2003 conviction for grand theft auto and his 2007

---

[12] In his Rule 3.850 Motion, Petitioner conceded that he "qualif[ied] for HFO sentencing." Doc. 8-16 at 29. He merely took issue with the trial court's misstatement regarding his prior conviction. *See id.*

conviction for dealing in stolen property. *Id.* At Petitioner's sentencing hearing,

the trial court commented as follows:

> And it's interesting to note that back in [2002],[13] you were convicted of a very similar situation, where an officer spotted you on Atlantic Boulevard, you turned onto Johnston Avenue, you started to drive off the roadway, again exceeding the speed limit. Officer activated lights and siren, you fled east on Oakwood at 50 miles per hour, and then crashed into a wall and traffic light box. I mean, so you were convicted of something very similar in the past.

Doc. 8-21 at 244. The trial court, however, referenced Petitioner's prior "similar

situation" in the context of finding that he "me[t] the criteria to be classified as

[a] HFO." *Id.* at 245. The trial court said as follows:

> Mr. Masterson, I have considered the evidence that I heard at trial, the testimony I've heard today, the PSI, the judgements and sentences, and I do find that you meet the criteria to be classified as a[] habitual offender under 775.084, so the guidelines will not apply to your sentence.
>
> And I do find that you are a danger to the community, if you were out. And I find it necessary for the protection of the public, to sentence you as a[] habitual offender.

*Id.* at 245. The trial court was commenting on the likelihood of Petitioner's

recidivism given his criminal history. Thus, upon thorough review of the record

and the applicable law, the Court finds that the state court's decision was

neither contrary to nor an unreasonable application of *Strickland*, and it was

---

[13] The charges were filed in 2002, but Petitioner was adjudicated guilty in 2003. Doc. 8-3 at 1; Doc. 8-21 at 233.

not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### j. Ground Ten

Petitioner argues his trial counsel was ineffective for failing to object to the state's improper closing arguments. Doc. 1 at 10. According to Petitioner, trial counsel should have objected to "unproven allegations by Officer Kinard that the siren in his patrol car was activated when the best evidence in the case [the CAD recording] was not played for the jury." *Id.* (capitalization omitted). Petitioner raised this claim as ground ten of his Rule 3.850 Motion. Doc. 8-16 at 30. The trial court summarily denied the claim as follows:

> In Ground Ten, Defendant alleges counsel was ineffective for failing to object to the State's closing argument. Specifically, Defendant complains counsel was deficient because the State argued that Officer Kinard activated his lights and sirens despite all evidence to the contrary. Defendant claims prejudice because the jury would not have convicted him of a crime not supported by the evidence had counsel objected.

> Kinard and Anderson both testified that Kinard activated his lights and sirens when initiating the stop. Thus, counsel was not ineffective for failing to object because he would have had no basis for an objection. *Hitchcock v. State*, 991 So. 2d 337, 361 (Fla. 2008) ("It is axiomatic that counsel cannot be deficient for failing to make a meritless objection." (citing *Melendez v. State*, 612 So. 2d 1366, 1369 (Fla. 1992))). Accordingly, Defendant is not entitled to relief on Ground Ten.

Doc. 8-20 at 8-9 (record citation omitted). Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. In doing so, the Court notes that "[c]laims of prosecutorial misconduct are fact-specific inquiries which must be conducted against the backdrop of the entire record." *United States v. Hall*, 47 F.3d 1091, 1098 (11th Cir. 1995). An improper prosecutorial remark compels habeas corpus relief only if the remark "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)); *see also Tucker v. Kemp*, 802 F.2d 1293, 1296 (11th Cir. 1986) ("If a reviewing court is confident that, absent the improper remarks, the jury's decision would have been no different, the proceeding cannot be said to have been fundamentally unfair.").

Here, because the trial testimony and evidence supported the state's comments, Petitioner cannot not show that but for the prosecutor's comment, the outcome of his case would have been different. To that end, Petitioner has failed to show that any alleged improper comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See*

36

*Darden*, 477 U.S. at 181. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### k. Ground Eleven

Petitioner argues his trial counsel was ineffective for failing to object to the state's pretrial *Halliburton* and *Overton* motions, and for failing to call witnesses who could have testified on two essential elements of the fleeing or attempting to elude charge: whether Petitioner exhibited a willful and wanton disregard for the safety of persons or property; and whether the officer's sirens were activated. Doc. 1 at 10-11.

Petitioner raised this claim as ground eleven of his Rule 3.850 Motion. Doc. 8-16 at 31-33. The trial court summarily denied the claim as follows:

> In Ground Eleven, Defendant alleges counsel was ineffective for failing to call witnesses despite Defendant's request that he do so. Specifically, Defendant complains counsel was defective for failing to call an officer who would have testified about statements Defendant made. Defendant claims prejudice because the officer's testimony would have shown that Defendant did not steal the vehicle he was driving.
>
> At the conclusion of Defendant's case, this Court asked if he wanted counsel to call any witnesses on his behalf. Defendant replied, "No, ma'am." Thus, Defendant is not entitled to relief. *McIndoo v. State*, 98 So. 3d 640, 641-42 (Fla. 4th DCA 2012)

("Because his sworn motion indicates that he was aware of the
witness and that witness's testimony prior to trial, the colloquy to
the court conclusively refutes his claim that his attorney failed to
call a known witness against the appellant's wishes."). Further,
the witness's alleged testimony had no bearing on the charges and
would not have affected the validity of Kinard's stop. *Henderson*,
88 So. 3d at 1062-63. Accordingly, Defendant is not entitled to
relief on Ground Eleven.

Doc. 8-20 at 9-10 (record citations omitted). Petitioner appealed the trial court's

denial, and the First DCA per curiam affirmed the order without a written

opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal

court review of state court adjudications. Upon thorough review of the record

and the applicable law, the Court finds that the state court's decision was

neither contrary to nor an unreasonable application of *Strickland*, and it was

not based on an unreasonable determination of the facts given the evidence

presented to the state court. This claim is denied.

## l.  Ground Twelve

Petitioner argues his trial counsel was ineffective for failing to call two

alibi witnesses: an EMT; and a tow truck driver. Doc. 1 at 11-12. He does not

say what the testimony of these witnesses would have been. *See id.* Petitioner

raised this claim as ground twelve of his Rule 3.850 Motion, explaining that

the EMT would have testified Officer Kinard assaulted him, not the other way

around, and the tow truck driver would have testified that the vehicle's ignition

was faulty and would not turn off. Doc. 8-16 at 33-34. The trial court summarily

denied the claim as follows:

> In Ground Twelve, Defendant alleges counsel was ineffective
> for failing to call favorable alibi witnesses. Specifically, Defendant
> complains counsel was deficient for failing to call the emergency
> medical technicians who responded to the scene. Defendant claims
> prejudice because their testimony would have created a reasonable
> possibility of a different verdict.
>
> "In order to allege a facially sufficient claim of ineffective
> assistance of counsel for failure to call a witness, the claim must
> contain the identity of the witness, a description of the witness's
> testimony, an explanation of how the omission of this testimony
> prejudiced the outcome of the appellant's case and that the witness
> was available." *Burroughs v. State*, 11 So. 3d 1000, 1001 (Fla. 1st
> DCA 2009) (citing *Nelson v. State*, 875 So. 2d 579, 583 (Fla. 2004);
> *Bennett v. State*, 838 So. 2d 633 (Fla. 1st DCA 2003)).
>
> When a defendant is aware of a witness's existence and the
> testimony the witness will offer, he waives any claim that counsel
> should have called the witness when he informs the court that he
> does not wish for counsel to call any additional witnesses. *Terrell
> v. State*, 9 So. 3d 1284, 1288-89 (Fla. 4th DCA 2009). Here,
> Defendant alleges he was aware of the witnesses prior to trial and
> asked counsel to call them. However, at trial, this Court asked
> Defendant, "Are there any witnesses that you want your attorneys
> to call on your behalf?" and Defendant replied, "No, ma'am."
> Accordingly, Defendant is not entitled to relief on Ground Twelve.

Doc. 8-20 at 10 (record citation omitted). Petitioner appealed the trial court's

denial, and the First DCA per curiam affirmed the order without a written

opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### m. Ground Thirteen

Petitioner argues his trial counsel was ineffective for failing to object to the state's partial consolidation of charges against him, which prevented him from presenting an affirmative defense. Doc. 1 at 10-11. He elaborates that, because the state did not pursue the grand theft auto charge, he was prevented from "us[ing] the fact that Officer Kinard knew that the vehicle was not stolen," hindering his ability to effectively impeach Officer Kinard's testimony. *Id.* at 11.

Petitioner raised this claim as ground thirteen of his Rule 3.850 Motion. Doc. 8-16 at 34. The trial court summarily denied the claim as follows:

> In Ground Thirteen, Defendant alleges counsel was ineffective for failing to object to the partial consolidation of the charges. Specifically, Defendant complains counsel was deficient because the partial consolidation of the charges prevented him from fully impeaching Officer Kinard regarding the basis for the stop. Defendant claims prejudice because he would have been able to diminish Kinard's credibility had the State charged him with stealing the automobile.

40

First, the State has "sole discretion to charge and prosecute criminal acts," *State v. Brosky*, 79 So. 3d 134, 135 (Fla. 3d DCA 2012), so counsel could not have objected to the State's decision not to charge Defendant with grand theft. Second, Defendant's flight gave Kinard a legal basis for pursuit, regardless of who the vehicle was registered to. *Henderson*, 88 So. 3d at 1062-63. Third, whether or not Defendant stole the vehicle he was driving had no bearing on whether or not he fled from Kinard and resisted arrest, so there is no reasonable probability the outcome of his trial would have been different had the State also charged him with grand theft. Accordingly, he is not entitled to relief on Ground Thirteen.

Doc. 8-20 at 10-11. Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### n. Ground Fourteen

Petitioner argues his trial counsel was ineffective for failing to request jury instructions on the lesser included offenses of count three—the fleeing or attempting to elude charge—which would have "allowed him to be acquitted of the greater charge" given the state failed (according to Petitioner) to prove that Officer Kinard had activated his sirens. Doc. 1 at 10-11. Petitioner raised this

41

claim in ground fourteen of his Rule 3.850 Motion. Doc. 8-16 at 37. The trial court summarily denied the claim as follows:

> In Ground Fourteen, Defendant alleges counsel was ineffective for failing to request jury instructions. Specifically, Defendant complains counsel was deficient for failing to request an instruction on either reckless driving or disobeying a law enforcement [officer] because they were lesser included offenses. Defendant claims prejudice because he should never have been charged with the greater offenses.
>
> Reckless driving is a permissive lesser included offense of fleeing to elude at high speed with lights and siren activated. *Higgs v. State*, 948 So. 2d 1024, 1025 (Fla. 2d DCA 2007). However, this Court instructed the jury on the lesser included offenses of Fleeing or Attempting to Elude a Law Enforcement Officer with Sirens and Lights activated as well as the lesser included offense of Fleeing or Attempting to Elude a Law Enforcement Officer Without Lights and Sirens Activated. There is no reasonable probability that the jury would have convicted Defendant of a lesser included offense when they found him guilty of the greatest offense charged. Accordingly, Defendant is not entitled to relief on Ground Fourteen.

Doc. 8-20 at 11-12 (record citations omitted). Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. In doing so, the Court notes that "[t]he possibility of a jury pardon cannot form the basis for a finding of prejudice under *Strickland*." *Sanders v. State*, 946 So. 2d 953, 960 (Fla. 2006);

*see also Bell v. McNeil*, 353 F. App'x 281, 286 (11th Cir. 2009). Here, the jury found beyond a reasonable doubt that the evidence established every element of the fleeing or attempting to elude charge in count three, including that the officer's sirens and lights were activated. Doc. 8-5 at 3. The Court cannot now find that the same jury would have ignored its own findings of fact, disregarded the trial court's instruction on the law, and found Petitioner guilty of a lesser included offense instead. *See Sanders*, 946 So. 2d at 960.

Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### o. Ground Fifteen

Petitioner argues his trial counsel was ineffective for "misadvising [him] not to testify" at trial, which prevented him from telling the jury Officer Kinard never activated his sirens. Doc. 1 at 8. Petitioner raised this claim as ground fifteen of his Rule 3.850 Motion, claiming his trial counsel led to him believe that, if he were to testify, the state would be able to cross-examine him about the specifics of his prior crimes. Doc. 8-16 at 42-43.

The trial court heard evidence on this claim at the evidentiary hearing
on Petitioner's Rule 3.850 Motion. Doc. 8-19 at 13. During the hearing,
Petitioner's trial counsel testified that his notes reflected he spoke with
Petitioner about his right to testify, and Petitioner "had no questions for [him]
at that time." *Id.* Counsel further testified that he never would have told
Petitioner that if he had testified, the state would have been able to question
him about the specific facts of his prior felonies. *Id.* at 14-15. Notably, trial
counsel testified as follows:

> I can say with certainty I never would have told Mr.
> Masterson that [the specifics of his prior convictions would come
> out]. Now I certainly have discussions with all my clients as to the
> fact that if you testify, if you either have any felony convictions or
> past convictions for crimes of dishonesty, the jury would hear, you
> know, the number of those convictions. I tell my clients that the
> only way a jury would hear the details of the convictions would be
> if my client essentially gave the wrong number of convictions on
> the stand, that would open the door to the State then going into
> details of each past prior conviction.

*Id.* at 14. Trial counsel explained that it was his trial strategy—after having
consulted with Petitioner—to advise Petitioner not to testify. *Id.* And he said
he never told Petitioner he could not testify if that was what Petitioner wanted
to do. *Id.* at 15. Following the hearing, the trial court denied the claim as
follows:

> In Ground Fifteen, Defendant alleges counsel was ineffective
> for advising Defendant not to testify. Specifically, Defendant
> complains counsel was deficient because his testimony would have

44

provided a defense to the charges. Defendant claims prejudice because there is a reasonable possibility his testimony would have affected the outcome of his trial.

A defendant who knowingly waives his right to testify on his own behalf, absent affirmative misadvice of counsel, will not be entitled to relief in a motion for postconviction relief. *E.g. Garcia v. State*, 21 So. 3d 30 (Fla. 3d DCA 2009). Defendant knowingly and voluntarily waived his right to testify. Thus, he is not entitled to relief unless counsel misadvised him. *Id.*

Defendant alleges counsel advised him that the State would be able to "bring up his past record," [sic] if he testified. Counsel was correct. *See Hall v. State*, 10 So. 3d 170, 171-72 (Fla. 5th DCA 2009). However, Defendant further alleges that, based upon counsel's advice, he believed the State would be able to cross-examine him regarding the nature of his prior convictions. *See Bell v. State*, 901 So. 2d 180, 180-81 (Fla. 3d DCA 2005). At the evidentiary hearing, counsel testified that he would never have misadvised Defendant about his prior convictions. Instead, counsel would have advised Defendant that the State would not be able to delve into the nature of his prior convictions as long as he testified truthfully about the number of prior convictions he had. This Court finds counsel's testimony credible. Accordingly, Defendant is not entitled to relief on Ground Fifteen.

Doc. 8-20 at 12 (record citation omitted). Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was

45

not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### p. Ground Sixteen

Petitioner argues his trial counsel was ineffective for failing to depose and call witnesses who could have testified that he had not stolen the vehicle. Doc. 1 at 10-11. Petitioner raised this claim as ground sixteen of his Rule 3.850 Motion, arguing he was unable to present as a defense that Officer Kinard "lied about the vehicle theft" to generate probable cause for initiating the traffic stop. Doc. 8-16 at 43-44. The trial court summarily denied the claim as follows:

> In Ground Sixteen, Defendant alleges counsel was ineffective for failing to call and investigate witnesses. Specifically, Defendant complains counsel was deficient for not calling witnesses who would have given testimony showing that Defendant did not steal the vehicle he was driving. Defendant claims prejudice because there is a reasonable possibility their testimony would have affected the outcome of Defendant's trial.

> When a defendant is aware of a witness's existence and the testimony the witness will offer, he waives any claim that counsel should have called the witness when he informs the court that he does not wish for counsel to call any additional witnesses. *Terrell,* 9 So. 3d at 1288-89. Here, Defendant alleges he was aware of the witnesses prior to trial and asked counsel to call them. However, at trial, this Court asked Defendant, "Are there any witnesses that you want your attorneys to call on your behalf?" and Defendant replied, "No, ma'am." Accordingly, Defendant is not entitled to relief on Ground Sixteen.

46

Doc. 8-20 at 13 (record citation omitted). Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### q. Ground Seventeen

Petitioner argues his trial counsel was ineffective for failing to depose and call as a witness Officer Kinard's supervisor, who allegedly "had material information as to [Petitioner's] innocence." Doc. 1 at 10. Petitioner contends Officer Kinard's supervisor knew that "Officer Kinard tampered with or rehearsed testimony with witness Jones in the Subway restaurant." *Id.* at 11. Petitioner raised this claim as ground seventeen of his Rule 3.850 Motion. Doc. 8-16 at 46.

The trial court summarily denied the claim as follows:

> In Ground Seventeen, Defendant alleges counsel was ineffective for failing to call an available witness. Specifically, Defendant complains counsel was deficient for failing to call a witness who would have been able to impeach Jones's testimony.

47

Defendant claims prejudice because counsel's failure to call witnesses denied him a fair trial.

Defendant informed this Court that he did not want to call any witnesses. Accordingly, he is not entitled to relief on Ground Seventeen. *Terrell*, 9 So. 3d at 1288-89.

Doc. 8-20 at 13 (record citation omitted). Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### r. Ground Eighteen

Petitioner argues his trial counsel was ineffective for failing to object to the state's improper closing argument and failing to impeach Officer Kinard's "clearly false" testimony regarding his conversation with Mr. Jones at Subway. Doc. 1 at 10-11. Petitioner raised this claim as ground eighteen in his Rule 3.850 Motion. Doc. 8-16 at 47. The trial court summarily denied the claim as follows:

In Ground Eighteen, Defendant alleges counsel was ineffective for failing to object to the State's closing argument. Specifically, Defendant complains counsel was deficient because the State misstated the evidence. Defendant claims prejudice because there is a reasonable probability that objections would have led to a different outcome at trial. However, after reviewing the State's closing argument, this Court finds that none of the comments were objectionable.

Doc. 8-20 at 13-14 (record citation omitted). Petitioner appealed the trial court's denial, and the First DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. Upon thorough review of the record, including the state's closing argument, and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

### s. Ground Nineteen

Petitioner argues his trial counsel was ineffective for failing to investigate the scene of the accident to locate a witness who lived nearby and could have testified that he (the unidentified witness) had not heard sirens. Doc. 1 at 8. Petitioner raised this claim as ground nineteen of his Rule 3.850 Motion. Doc. 8-16 at 51. The trial court heard testimony on this claim at the

49

evidentiary hearing. Doc. 8-19 at 15. Following the hearing, the trial court

denied the claim as follows:

> In Ground Nineteen, Defendant alleges counsel was
> ineffective for failing to investigate the crime scene. Specifically,
> Defendant claims counsel was deficient because an investigation
> would have turned up an eyewitness to the crash and Defendant's
> arrest. Defendant claims prejudice because there is a reasonable
> possibility the jury's verdict would have been different had this
> witness's testimony been presented to the jury.
>
> Attached to Defendant's Motion is a questionnaire he mailed
> to Tad Prancevic. Prancevic was awake in his home at the time of
> the accident and saw the immediate aftermath. Prancevic did not
> hear any sirens and saw an officer use force against Defendant
> even though Defendant was cooperating. Counsel never
> interviewed Prancevic even though Defendant was able to locate
> him *pro se* after his conviction.
>
> "An ineffective assistance claim for failure to call a witness
> to testify at trial must be distinguished from an ineffective
> assistance claim for failure to reasonably investigate and locate
> witnesses. Unlike the strategic decision to call a witness to testify
> at trial, the failure to reasonably investigate and locate witnesses
> can often serve as a colorable claim of ineffective assistance of
> counsel." *Mendoza v. State*, 81 So. 3d 579, 581 (Fla. 3d DCA 2012)
> (citing *Wiggins v. Smith*, 539 U.S. 510 (2003)).
>
> At the evidentiary hearing, counsel could not recall a
> potential witness named Tad Prancevic or any request by
> Defendant that he locate Prancevic. However, when cross-
> examined by Defendant, counsel did recall that an African
> American man had walked up to the crime scene. When asked why
> he did not investigate this man's identity or what knowledge he
> might have had, counsel testified that he did not think anything
> the man saw or heard would be relevant because he arrived after
> the pursuit had ended. This Court finds counsel's explanation to
> be reasonable. For the same reason, this Court finds that there is

50

> no reasonable probability the jury would have found Defendant
> guilty of a lesser-included offense had counsel located Prancevic
> prior to trial. Even had Prancevic testified as to what he heard (or
> did not hear) when he was awake in bed at the time of the crash,
> he would have had no knowledge as to what had transpired *before*
> the crash. Accordingly, Defendant is not entitled to relief on
> Ground Nineteen.

Doc. 8-20 at 14-15. Petitioner appealed the trial court's denial, and the First

DCA per curiam affirmed the order without a written opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal

court review of state court adjudications. Considering trial counsel's testimony

at the evidentiary hearing, the Court finds no basis to challenge the state

court's ruling that counsel's decision not to investigate the unidentified witness

was a reasonable strategic one. Indeed, Prancevic did not witness the car

chase, and thus, Petitioner cannot demonstrate that but for trial counsel's

alleged error, the outcome would have been different. As such, the state court's

adjudication of this *Strickland* claim is neither contrary to nor an unreasonable

application of clearly established federal law. And the state court's decision did

not rely on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding. This claim is denied.

### t. Ground Twenty

Petitioner argues his trial counsel was ineffective for failing to

investigate whether the unidentified witness heard sirens and failing to

properly move for a directed verdict or judgment of acquittal prior to
sentencing, when counsel was aware the state failed to prove Officer Kinard
had activated his sirens. Doc. 1 at 10-11. Petitioner raised this claim as ground
twenty of his Rule 3.850 Motion. Doc. 8-16 at 53.

> The trial court summarily denied this claim as follows:

>> In Ground Twenty, Defendant alleges counsel was
>> ineffective for failing to properly move for a judgment of acquittal.
>> Specifically, Defendant complains counsel was deficient because
>> counsel failed to present evidence that Officer Kinard never
>> activated sirens. Counsel claims prejudice because a better
>> judgment of acquittal would have been granted.

>> When moving for a judgment of acquittal, a defendant
>> admits all facts and inferences favorable to the State. *Lynch v.
>> State*, 29 So. 2d 44, 25-26 [sic] (Fla. 1974) (citations omitted). The
>> State presented evidence sufficient to present its case to the jury.
>> In the light most favorable to the State, Defendant violently
>> resisted arrest after speeding away from an officer who had
>> activated his lights and sirens, nearly causing an accident before
>> crashing into a tree. Defendant alleges counsel should have
>> presented more evidence contradicting the State's, but a
>> contradiction in evidence necessitates the denial of a motion for a
>> judgment of acquittal. *See Whitley v. State*, 265 So. 2d 99, 100 (Fla.
>> 3d DCA 1972) (citing *Stinson v. State*, 80 So. 506, 511 (Fla. 1918)).
>> Accordingly, Defendant is not entitled to relief on Ground Twenty.

Doc. 8-20 at 15 (record citations omitted). Petitioner appealed the trial court's
denial, and the First DCA per curiam affirmed the order without a written
opinion. Doc. 8-26 at 1.

The Court addresses the claim under the deferential standard for federal court review of state court adjudications. Here, the record supports the trial court's denial of trial counsel's judgment of acquittal, and Petitioner has failed to demonstrate that but for trial counsel's alleged failure, the outcome would have been different. Upon thorough review of the record and the applicable law, the Court finds that the state court's decision was neither contrary to nor an unreasonable application of *Strickland*, and it was not based on an unreasonable determination of the facts given the evidence presented to the state court. This claim is denied.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2.    The Clerk of Court shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

3.    If Petitioner appeals this dismissal, the Court denies a certificate of appealability.[14] Because this Court has determined that a certificate of

---

[14] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were

53

appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 24ᵗʰ day of November, 2025.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Edward Elwood Masterson
Counsel of record

---

'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

54